**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND, and TRUSTEES ROBERT O'TOOLE, PAUL SCHAEFER, ROBERT WILSON, BRIAN JORDAN, WILLIAM R. SEEHAFER, MARK JACOBS,** ) ) ) ) ) ) | Case No. |
| **Plaintiffs,** ) ) | |
| v. ) ) | |
| **GENES TIRE SERVICE, INC.,** ) ) | |
| **Defendant.** ) ) | |

Now Come Plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Pension Fund ("Pension Fund"), and Trustees, Robert O'Toole, Paul Schaefer, Robert Wilson, Brian Jordan, William R. Seehafer, Mark Jacobs ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against Genes Tire Service, Inc. ("Defendant") allege as follows:

**INTRODUCTION**

1.      This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Pension Fund seeks a money judgment to collect withdrawal liability in the amount assessed against Defendant pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, and other monetary relief pursuant to Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(e).

## JURISDITION AND VENUE

2.  Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States

3.  Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Pension Fund is administered in this judicial district at 18861 90th Ave, Suite A, Mokena, IL 60448.

## PARTIES

4.  The Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), and an "employee pension benefit plan" within the meaning of Sections 3(2)(A) and (3) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the withdrawal liability provisions of ERISA.

5.  The Trustees of the Pension Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are also the plan sponsor within the meaning of ERISA § 3(16) and have authorized this lawsuit.

6.  Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), and 29 U.S.C. § 1451, the Plaintiffs are authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

7.  Defendant is an Illinois corporation that does business at 280 W. 63rd Street Westmont, IL 60559.

2

8. Defendant, at all times material, has been an employer within the meaning of Sections 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce within the meanings of Section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

## Count I
**(Default on Withdrawal Liability)**

9. Defendant, at all times material, participated in and contributed to, the Pension Fund pursuant to the terms of a Collective Bargaining Agreement ("CBA") between itself and United Food and Commercial Workers Union Local 1546 ("Union"). (A true and correct copy of the most recent Collective Bargaining Agreement is attached hereto as Exhibit A).

10. Defendant, at all times material, was a party to the Agreement and Declaration of Trust ("Trust Agreement"). (A true and correct copy of the Trust Agreement is attached hereto as Exhibit B).

11. On April 10, 2019, Defendant completely withdrew from the Pension Fund triggering an assessment of withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

12. By letter dated May 31, 2019, the Pension Fund assessed Defendant withdrawal liability for the 2019 plan year. (A true and correct copy of the May 31, 2019 Assessment Letter is attached hereto as Exhibit C).

13. The Assessment Letter demanded payment of Defendant's withdrawal liability, which was calculated as $2,006,910.00, payable in 240 monthly installments of $1,770.47 commencing on July 1, 2019. Defendant's total assessed withdrawal liability is subject to the 20-year statutory-cap on payments which reduces the liability principal to $237,464.28, plus interest in an amount of $187,448.52, totaling $424,912.80.

3

14. Defendant did not exercise its right of review pursuant to 29 U.S.C. § 1399 and has therefore waived its right to challenge the assessed withdrawal liability.

15. The May 31, 2019 assessment letter also provided Defendant notice that, pursuant to ERISA Section 4219(C)(5), the Pension Fund reserved the right to declare Defendant in default and demand immediate payment of the entire assessed withdrawal liability, including interest, if Defendant failed to timely pay its monthly withdrawal liability payments and did not cure the delinquency within 60 days from written notice that of the delinquency.

16. By letter dated September 25, 2019, the Pension Fund notified Defendant that it was delinquent in its monthly withdrawal liability payments, and it had 60 days from the date of the letter to cure its delinquency. (A true and correct copy of the September 25, 2019 delinquency letter is attached hereto as Exhibit D).

17. To date, Defendant has failed or refused to pay its withdrawal liability payments and is in default to the Pension Fund for the entire amount of its withdrawal liability, plus interest.

18. Pursuant to ERISA Section 4219, because Defendant defaulted on its withdrawal liability payments, the Pension Fund is entitled to accelerate payment for the entire amount of assessed withdrawal liability. Accordingly, Defendant owes the Pension Fund $237,464.28 and $187,448.52 in withdrawal liability principal and interest, respectively, in addition to the Pension Fund's reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court:

A. Enter an order declaring Defendant liable for the assessed withdrawal liability;

B. Order Defendant to pay the Pension Fund $424,912.80 for the outstanding assessed withdrawal liability principal and interest;

5

C. Order Defendant to pay the Pension Fund's reasonable attorneys' fees and costs incurred in the prosecution of this action; and,

H. Award Plaintiffs such other and further relief as this Court may deem just and proper.

Date: June 1, 2020

Respectfully submitted,

/s/ Joseph C. Torres
Joseph C. Torres
Attorney for Plaintiffs

THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 1550
Chicago, IL 60601
(312) 641-2910
joe@karmellawfirm.com